United States District Court
Southern District of Texas

**ENTERED**

March 22, 2024

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK McCARTY, | § | |
| (Inmate # 02531246), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-24-720 |
| | § | |
| HARRIS COUNTY JAIL DETENTION | § | |
| OFFICERS, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

While he was an inmate in the Harris County Jail, Patrick McCarty, (Inmate # 02531246),

filed a complaint under 42 U.S.C. § 1983, alleging that several jail detention officers violated his

constitutional rights by using excessive force against him on November 28, 2023. (Docket Entry

No. 1). McCarty also filed a motion seeking leave to proceed without prepaying the filing fee, but

he did not provide a certified copy of his inmate trust fund account statement, as required by 28

U.S.C. § 1915(a)(2). (Docket Entry No. 2). On March 6, 2024, the court notified McCarty of the

deficiency and ordered him to either provide the required statement or pay the filing fee. (Docket

Entry No. 4). That order has been returned as undeliverable, with a notation advising the court

that McCarty is no longer incarcerated in the Harris County Jail. (Docket Entry No. 6). A second

piece of mail, the Notice of Case Opening, (Docket Entry No. 3), has been returned as

undeliverable for the same reason. (Docket Entry No. 5).

"[L]itigants, including prisoners, 'bear the burden of filing notice of a change of address in

such a way that will bring the attention of the court to the address change.'" *Snyder v. Nolen*, 380

F.3d 279, 285 (7th Cir. 2004) (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th

Cir. 1999)).  Rule 83.4 of the Local Rules for the Southern District of Texas makes a self-represented litigant responsible for keeping the clerk advised of his current address.  "[T]he failure of a *pro se* litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."  *Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007).

McCarty has not contacted the court or provided an updated address as required by Local Rule 83.4.  His failure to pursue this action by providing a current address forces the court to conclude that he lacks due diligence.  Dismissal for want of prosecution is appropriate.  *See* Fed. R. Civ. P. 41(b); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998) (a district court may dismiss an action for failure to prosecute or to comply with any court order).

McCarty's complaint, (Docket Entry No. 1), is dismissed without prejudice for want of prosecution.  Any pending motions are denied as moot.  McCarty is advised that the court may grant relief from this order under Rule 60(b) of the Federal Rules of Civil Procedure only if he shows good cause for his failure to comply with the local rules.

SIGNED on March 22, 2024, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge